UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

RUTH COLAS,

    Plaintiff,

vs.

LOURDES-NOREEN MCKEEN RESIDENCE
FOR GERIATRIC CARE, INC., a Florida Not
for Profit Corporation D/B/A LOURDES
NOREEN MCKEEN RESIDENCE,

    Defendant.
_____/

## COMPLAINT

COMES NOW, RUTH COLAS, (hereinafter "Plaintiff") by and through her undersigned attorney hereby sues Defendant LOURDES-NOREEN MCKEEN RESIDENCE FOR GERIATRIC CARE, INC., a Florida Not for Profit Corporation D/B/A LOURDES NOREEN MCKEEN RESIDENCE (hereinafter, "Defendant"), and states:

### JURISDICTION AND VENUE

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), the Florida Civil Rights Act ("FCRA"), (§§ 760.01-760.11).

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. The claims asserted in this Complaint arose in the Southern District of Florida during the course of Plaintiff's employment with Defendant.

1

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Plaintiff was employed by Defendant at their principal location in West Palm Beach.

## PARTIES

5. Plaintiff was at all times relevant to this action, resided within the Southern District of Florida. Plaintiff is over the age of eighteen.

6. Plaintiff is a Black individual from Haiti. She is therefore a member of a class protected under Title VII and the FCRA because the terms, conditions, and privileges of her employment were altered because of her race, national origin, and/or color.

7. Further, Plaintiff was retaliated against for his complaints of discriminatory conduct on behalf of Defendant which places him within a class protected under Title VII and the FCRA.

8. Defendant is a Florida Corporation organized and existing in Florida, with its principal place of business in Florida. Specifically, Plaintiff worked at Defendant's principal location in West Palm Beach, Florida.

9. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

10. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.

11. Plaintiff's Charge was filed on or about September 29, 2020. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

12. Plaintiff was terminated from her position on or about June 18, 2020. Her Charge was therefore timely filed.

13. Plaintiff was issued a Notice of Right to Sue on May 10, 2021. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation.

14. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

15. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

16. Plaintiff was employed by the Defendant from 2014 to June 18, 2020, as a Licensed Practical Nurse ("LPN").

17. Plaintiff worked for the Defendant and was at all times qualified for her job in that she maintained her position without incident. At all relevant times, Plaintiff performed her duties in an exemplary fashion.

18. On or about June 11, 2020, Plaintiff was notified by a family member, who she had been in contact with, that they might have been exposed to someone who tested positive for COVID-19.

19. Plaintiff immediately notified her direct supervisor, Marie Toussaint Adon (Black, Haitian) (hereinafter, "Ms. Adon") of the situation as required to do per the implemented policy and requested instructions to follow as she was scheduled to come into work.

20. Ms. Adon told Plaintiff to find a place to get tested. Given that Plaintiff was on the schedule for that day, Plaintiff asked if she could get tested on site as she was not having any symptoms she was already on the way. Ms. Adon directed Plaintiff to see Glenda Kiernan (White, American) the Staff Development Coordinator who was in charge of the testing site.

21. Plaintiff arrived directly at the testing site as directed by her supervisor. Plaintiff was greeted by Ms. Kiernan and Ms. Marion Nehaus, (White, American) the director of nursing.

22. Ms. Kiernan denied Plaintiff the test and requested that she left the premises. Plaintiff did as directed and went to get tested on her own. Upon information and belief, non-black employees such as Sue Rivera ("Hispanic") and others who had symptoms or believed had been exposed were allowed to get tested on site.

23. On or about June 18, 2020, while awaiting her results, Plaintiff received a phone call from the Human Resources Director, Jaime El Georr (White, American) (hereinafter, "Ms. Georr") advising her that she was being terminated.

24. Plaintiff disputed the facts allegedly supporting her termination as she believed that the decision was based on discriminatory bias and requested to speak to the executive administrator, Louna Phillips.

25. On or about June 19, 2020, while awaiting a call from the director, Plaintiff received and faxed her negative results to Ms. Georr. During a phone call, Ms. Georr acknowledged receipt of the fax, apologized to Plaintiff for the situation and advised Plaintiff she would discuss the matter with Ms. Nehaus and Ms. Phillips and contact her back. However, Plaintiff never received a call back.

26. On or about June 29, 2020, Plaintiff received a letter advising that her termination remained unchanged.

27. Upon information and belief, Defendant's reason for termination (if any) is pretextual for unlawful discrimination and or retaliation.

28. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's race, color, national origin and/or complaints of disparate treatment were motivating factor(s) in the decision for the adverse employment action(s).

29. Defendant acted with intentional disregard for Plaintiff's rights under Title VII, and the FCRA.

30. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

31. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

## COUNT I
## VIOLATION OF THE CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON RACE)

32. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-31 of this complaint as if set out in full herein.

33. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff.

34. Plaintiff is a member of a protected class, to wit, black race.

35. Defendant, by and through its owner and managers, did not treat Plaintiff the same as other non-black employees as alleged above.

36. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or

national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

37. The Plaintiff was subjected to disparate treatment in the workplace, in that similarly situated, non-Black employees were allowed better work opportunities by not being subjected to unfair treatment.

38. Defendant did not provide Plaintiff with a reason for refusing her requests to get tested on site. However, even if Defendant had a reason, Plaintiff's race was, at minimum, a motivating factor in its decision.

39. At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant. Plaintiff was qualified for the position apart from her apparent race.

40. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

41. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

42. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her race in violation of Act with respect to its decision to treat Plaintiff different from other employees.

43. Plaintiff was fired by Defendant and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff

because of the fact that she was Black, in violation of the Act.

44. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's race, was a motivating factor in the decision for the adverse employment action(s).

45. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

46. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

47. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Ms. Georr, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE,** Plaintiff respectfully requests that:

   A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

   B. The Court award punitive damages as permitted under the law;

   C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

D.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.  The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT II
### VIOLATION OF THE CIVIL RIGHTS ACT
### (DISCRIMINATION BASED ON COLOR)

48. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-31 of this complaint as if set out in full herein.

49. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was discriminated against and ultimately terminated on the basis of her color.

50. Plaintiff is a member of a protected class because the terms and conditions of her employment were altered due to her skin color.

51. Defendant, by and through its owner and managers, did not treat Plaintiff the same as non-black employees in that the non-black employees were able to be tested for COVID-19 at the worksite without being terminated.

52. Defendant's owner and managers acted with intentional disregard for Plaintiff's rights under Title VII as a person based on the color of her skin.

53. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or

privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

54. At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

55. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

56. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

57. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of the color of her skin a violation of Act with respect to its decision to treat Plaintiff different from other employees.

58. Plaintiff was fired by Defendant and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that she was Black, in violation of the Act.

59. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's skin color, was a motivating factor in the decision for the adverse employment action(s).

60. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

61. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

62. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Ms. Georr, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE,** Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT III
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON RACE)

63. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-31 of this complaint as if set out in full herein.

64. Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11 for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of her race, Black.

65. Plaintiff is a member of a protected class, to wit, Black race.

66. Defendant, by and through its supervisors, by the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to animosity based on her race.

67. Defendant's managers acted with intentional disregard for Plaintiff's rights as a person of Black race under the FCRA.

68. Defendant did not provide Plaintiff with a reason for the disparate treatment she was subjected to. However, even if Defendant had a reason, Plaintiff's race was, at minimum, a motivating factor in its decision for the disparate treatment.

69. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

70. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

71. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Florida Civil Rights Act §§ 760.01-760.11.

72. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under the FCRA. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Ms. Georr and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE,** Plaintiff requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT IV
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON COLOR)

73. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-31 of this complaint as if set out in full herein.

74. Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), Sections 760.01-760.11 for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of the color of her skin.

75. Plaintiff is a member of a protected class because the terms and conditions of her employment were altered due to her skin color.

76. Defendant's managers and representatives acted with intentional disregard for Plaintiff's rights under the FCRA as a person based on the color of her skin.

77. Defendant's reason for the disparate treatment she was subjected to, if any was pretextual.

78. Plaintiff's skin color was, at minimum, a motivating factor in its decision for the disparate treatment of Plaintiff.

79. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

80. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

81. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Florida Civil Rights Act §§ 760.01-760.11.

82. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under the FCRA. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Ms. Georr and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE,** Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT V
### VIOLATION OF THE CIVIL RIGHTS ACT
### (DISCRIMINATION BASED ON NATIONAL ORIGIN)

83. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-31 of this complaint as if set out in full herein.

84. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of her national origin, Haitian.

85. Plaintiff is a member of a protected class, to wit, Haitian.

86. Defendant, by and through its owner and managers, did not treat Plaintiff the same as other non-Haitian employees in that non-Haitian employees were allowed better work opportunities.

87. Defendant's owner and managers acted with intentional disregard for Plaintiff's rights as a Haitian person under Title VII.

88. Defendant's disparate treatment of Plaintiff including but not limited to Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that she was Haitian, in violation of the Act.

89. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's national origin, was a motivating factor in the decision for the adverse employment action(s).

90. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

91. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Ms. Georr and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE,** Plaintiff requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

D. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VI
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON NATIONAL ORIGIN)

92. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-31 of this complaint as if set out in full herein.

93. Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11 for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of her national origin, Haitian.

94. Plaintiff is a member of a protected class, to wit, Haitian.

95. Defendant, by and through its supervisors, by the conduct describe above, engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to animosity based on the fact she is Haitian.

96. Defendant, by and through its owner and managers, did not treat Plaintiff the same as other non-Haitian employees in that non-Haitian employees were allowed better working opportunities.

97. Defendant's disparate treatment of Plaintiff including but not limited to Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that she is Haitian, in violation of the Act.

98. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's national origin, was a motivating factor in the decision for the adverse employment action(s).

99. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Florida Civil Rights Act §§ 760.01-760.11.

100. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under the FCRA. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Ms. Georr and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE,** Plaintiff requests that:

   A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

   B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

D. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff RUTH COLAS demand trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: June 24, 2021

                                              **PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com